IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **Antwon Demetriu Peacock, #51112-056,** ) | Case No. 2:17-cv-1348-HMH-MGB |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Travis Bragg, Warden FCI-Bennettsville,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

Antwon Demetriu Peacock ("Petitioner") has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner incarcerated at FCI-Bennettsville located in South Carolina. He is proceeding *pro se* and has paid the $5.00 filing fee (see DE#5, receipt number SCX200014591). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review the petition and to submit findings and recommendations to the United States District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that the petition be **summarily dismissed** without prejudice for the following reasons:

**I.  Relevant Law for *Pro Se* Habeas Review**

The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. See Rule 1(b). Under established local procedure in this judicial district, a careful review has been made of this *pro se* Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25

(1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). A petition based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. at 324-25.

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore.*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## II. Factual Allegations

Petitioner indicates that on March 19, 2008, a federal grand jury in the Eastern District of North Carolina returned a four-count indictment against him. (DE# 1-1 at 3). Petitioner indicates that on August 4, 2008, he entered into a written plea agreement and pleaded guilty to two counts. Specifically, he pleaded guilty to Count 1 for "Conspiracy to Distribute and Possess with Intent to Distribute More Than 50 Grams of Cocaine Base" in violation of 21 U.S.C. §§ 846 and 841(a)(1); and to Count 3 for being a "Felon in Possession of a Firearm" in violation of 18 U.S.C. §§ 922(g)(1) and 924. Counts 2 and 4 were dismissed at the sentencing hearing. Petitioner indicates

that, as part of the plea agreement, the United States agreed not to seek enhancement pursuant to 21 U.S.C. § 851. (DE# 1-1 at 6). On December 1, 2008, Petitioner was sentenced as a "career offender" under the United States Sentencing Guidelines because he had prior convictions for: "Possession with Intent to Sell and Deliver Cocaine" (Sept. 3. 1998); "Possession with Intent to Sell and Deliver Cocaine" (Sept. 26, 1998); "Trafficking Cocaine by Possession" (Nov. 30, 1998); "Possession with Intent to Sell and Deliver Marijuana" (Nov. 26, 2002); and "Possession of a Weapon of Mass Destruction" (Oct. 29, 1998). (DE# 1-1 at 21). With a total offense level of 35 and Criminal History Category VI, the Sentencing Guidelines provided an advisory range of 292 to 365 months imprisonment. Petitioner argues that without the career offender designation, he would have had a lower range (210 to 262 months). In any event, the United States moved for downward departure, and the court sentenced Petitioner to a total of 205 months imprisonment, to be followed by five (5) years of supervised release. (DE# 1 at 2-4; DE# 1-1 at 6-7, 21).

On January 14, 2011, Petitioner filed a first motion pursuant to 28 U.S.C. § 2255, alleging that the trial court lacked subject matter jurisdiction, that he had received ineffective assistance of counsel, and that his guilty plea was not based on "facts." (DE# 1 at 4, citing E.D.N.C. Case No. 5:2011-cv-0002). The sentencing court found that Petitioner had not made a "substantial showing of the denial of a constitutional right" and dismissed the motion on January 28, 2011.

On November 11, 2016, Petitioner filed a second § 2255 motion without authorization. In his response to the Court's show cause order, Petitioner agreed that his second motion should be dismissed as an unauthorized successive motion. The motion was dismissed on April 17, 2012. Despite his concession in his response to the court's show cause order, Petitioner sought reconsideration. He also filed a document he labeled as a "Petition for Coram Nobis." Both were denied. Petitioner appealed the denial of reconsideration, and on April 10, 2013, the Fourth Circuit

Court of Appeals dismissed the appeal for failure to prosecute. (DE# 1-1 at 8). Petitioner also filed a motion for sentence reduction pursuant to § 3582(c)(2), which the sentencing court denied on May 15, 2014.

Petitioner has now filed a petition pursuant to 28 U.S.C. § 2241, seeking to proceed under the "savings clause" and reasserting the same three issues raised in his initial § 2255 motion. Petitioner further challenges his sentence under the career offender provision of the Guidelines based on the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) (explaining how courts should determine whether state crimes can be used as predicate offenses under the Armed Career Criminal Act ("ACCA"), and its progeny). Petitioner contends that the sentencing court "erred in determining that [he] was a career offender within the meaning of USSG § 4B1.1(a)." (DE# 1-1 at 13).

### III. Discussion

This petition appears to be an unauthorized successive § 2255 petition bringing repetitive claims under a different label. Regardless, a petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can show under the "savings clause" of § 2255(e) that § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); *see also Prousalis v. Moore,* 751 F.3d 272 (4th Cir. 2014); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (holding that if a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized petition for lack of jurisdiction). The Court of Appeals for the Fourth Circuit has held that a petitioner must satisfy the following criteria to show that § 2255 is "inadequate or ineffective" to test the legality of his detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the

> prisoner's direct appeal and first § 2255 motion, the substantive law
> changed such that the conduct of which the prisoner was convicted is
> deemed not to be criminal; and (3) the prisoner cannot satisfy the
> gatekeeping provisions of § 2255 because the new rule is not one of
> constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Moreover, the Court of Appeals for the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction. *Rice*, 617 F.3d at 807. The savings clause does not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Farrow v. Revell*, 541 F.App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an ACCA sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause); *Rouse v. Wilson*, 2014 WL 12521458 (E.D.Va. Feb. 19, 2014), *appeal dism'd*, 584 F.App'x 76 (4th Cir. 2014) (noting that the district court properly determined that Rouse could not proceed with his claims under § 2241). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner relies on the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) (explaining how courts should determine whether state crimes can be used as predicate offenses under the ACCA). Petitioner also cites a case from another federal circuit, *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) (applying the principles in *Mathis* to the Guidelines). (DE# 1-1 at 13). These cases did not decriminalize the conduct for which Petitioner was convicted.[1] Moreover, Petitioner received a sentence below the advisory Guidelines range.

---

[1] Although Petitioner also cites *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015), he may not rely on such opinion because it has been vacated, re-argued, and then dismissed as moot. (DE# 1-1 at 11). *See United States v. Surratt*, 855 F.3d 218 (4th Cir. Apr. 21, 2017).

The United States Supreme Court's recent decision in *Beckles v. United States*, 137 S.Ct. 886 (March 6, 2017) does not help Petitioner's case. In *Beckles*, the United States Supreme Court held that the catchall definition of "crime of violence" in the advisory United States Sentencing Guidelines cannot be void for vagueness under the due process clause. Like the present Petitioner, Beckles was sentenced as a career offender under the Sentencing Guidelines. The United States Supreme Court held that the Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. *Id*. at 891–897. The Supreme Court distinguished *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that a similar provision in the ACCA was unconstitutionally vague. Unlike the ACCA, the Supreme Court explained that the advisory Guidelines "do not fix the permissible range of sentences" and "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. The Supreme Court explained that it has not suggested that a criminal defendant may challenge on vagueness grounds a sentencing statute that allows a judge to select an appropriate sentence from within a statutory range. The Supreme Court observed that "[i]f a system of unfettered discretion is not unconstitutionally vague, then it is difficult to see how the present system of guided discretion could be." *Id*.

Here, Petitioner is unable to satisfy § 2255's savings clause to seek relief under § 2241 based on *Mathis* or *Hinkle*. Therefore, Petitioner is foreclosed from bringing a § 2241 habeas petition in this court to challenge his sentence. *See, e.g, Ross v. Mosley*, Case No. 0:16-3768-HMH-PJG, 2017 WL 507309 (D.S.C. Jan. 19, 2017), *adopted by*, 2017 WL 491691 (D.S.C. Feb. 7, 2017) (dismissing § 2241 petition that attempted, based on *Mathis* and *Hinkle,* to challenge a "career offender" designation under the United States Sentencing Guidelines); *Kilgore v. Meeks,* Case No. 8:16-cv-02052-HMH-JDA, 2017 WL 871321 (D.S.C., Feb. 15, 2017), *adopted by*, 2017 WL

770575 (D.S.C. Feb. 28, 2017) (dismissing § 2241 petition where petitioner was sentenced as a career offender under the United States Sentencing Guidelines). Petitioner's remedy is to seek permission from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. See 28 U.S.C. § 2255(h). Under binding Fourth Circuit precedent, this § 2241 petition may not proceed under the savings clause and should be dismissed for lack of jurisdiction. *Rice*, 617 F.3d at 807.

## IV. Recommendation

Accordingly, the Magistrate Judge recommends that the Petition (DE# 1) be **dismissed** without prejudice and without requiring the respondent to file a return.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 7, 2017
Charleston, South Carolina

Petitioner's attention is directed to the *Important Notice* on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).