IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Antwon Demetriu Peacock, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Travis Bragg, Warden, FCI Bennettsville, )<br>)<br>Respondent. ) | C.A. No. 2:17-1348-HMH-MGB<br><br>**OPINION & ORDER** |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Antwon Demetriu Peacock ("Peacock"), a federal prisoner proceeding pro se, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Magistrate Judge Baker recommends dismissing the petition without prejudice and without requiring the respondent to file a return because Peacock has failed to show that 28 U.S.C. § 2255 would be inadequate or ineffective to test the legality of his conviction. (R&R 4-7, ECF No. 8.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Peacock filed objections to the Report and Recommendation on June 7, 2017,[2] and June 22, 2017.[3] (Mot. Judicial Notice, ECF No. 10); (Objs., ECF No. 12.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Peacock's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Peacock objects that the magistrate judge erred in construing the instant petition as a successive § 2255 motion rather than a § 2241 petition. (Objs. 2, ECF No. 12.) Peacock argues that his claim should be allowed under § 2241 because his sentencing was so fundamentally defective that his challenge should be preserved under the § 2255(e) savings clause. (Id., ECF No. 12.) Specifically, Peacock argues that he should not have been sentenced as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines ("USSG") because his prior convictions do not qualify as predicates under the USSG. (Id. at 5, ECF No. 12.) Peacock was sentenced as a career offender for prior convictions for possession with intent to sell and deliver

---

[2] Peacock filed a motion requesting judicial notice, which the court construes as objections to the Report and Recommendation.

[3] Houston v. Lack, 487 U.S. 266 (1988).

2

cocaine, trafficking cocaine by possession, possession with intent to sell and deliver cocaine, and possession of a weapon of mass destruction. (Mem. Supp. § 2241 Pet. 21, ECF No. 1-1.) Peacock argues that without the career offender designation, he would have received a lower sentence. (Mem. Supp. § 2241 Pet. 6-7, ECF No. 1-1.)

In order for Peacock's § 2241 petition to satisfy the § 2255(e) savings clause, Peacock must meet the following three elements:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Additionally, the savings clause in § 2255(e) applies only to claims in which Peacock alleges actual innocence, rather than claims challenging sentencing enhancements. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008).

In the instant case, Peacock does not allege that he is actually innocent of the underlying conviction. Instead, Peacock solely challenges his career offender sentencing enhancement under § 4B1.1 based on his prior convictions. As a result, the magistrate judge did not err in finding that the instant petition should properly be construed as a successive § 2255 petition. See Darden v. Stephens, No. 10-7496, 2011 WL 1625094, at *2 (4th Cir. Apr. 29, 2011) (unpublished). The court adopts the magistrate judge's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Peacock's § 2241 petition, docket number 1, is dismissed without prejudice and without requiring the respondent to file a return.

**IT IS SO ORDERED**.

                                                                      s/Henry M. Herlong, Jr.
                                                                      Senior United States District Judge

Greenville, South Carolina
July 5, 2017

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.